Oscar J. CHELETTE, Individually and as
Next Friend of Oscar J. Chelette,
Jr., Libelants,

v.

UNITED STATES of America,
Respondent.

No. 826.

United States District Court
E. D. Texas,
Beaumont Division.

April 23, 1964.

Frank W. Hustmyre, Hustmyre &
Harris, Orange, Tex., Joe Bob Golden,
Joe H. Tonahill, Jasper, Tex., for libel-
ants.

Harold G. Wilson, Atty., Admiralty
and Shipping Section, U. S. Dept. of
Justice, Washington, D. C., Bryan Bla-
lock, Asst. U. S. Atty., Beaumont, Tex.,
for respondent.

FISHER, District Judge.

This is a suit filed by Libelants against
the United States of America in an ac-
tion under 46 U.S.C.A. § 741 et seq., for
the recovery of damages for injuries sus-
tained by Oscar J. Chelette, Jr., four (4)
years of age, when he was knocked from
a small motorboat which struck a log
floating in the Sabine River in the vicin-
ity of the Respondent's ships. This case
being tried before the Court, without the
intervention of a jury, on October 24
and 25, 1963, the following Findings of

Fact and Conclusions of Law are made and entered by the Court under Rule 52 (a) F.R.Civ.P.

## FINDINGS OF FACT

### 1.

That on March 6, 1962, Oscar J. Chelette and his minor son, Oscar J. Chelette, Jr., aged four, were traveling in their outboard motorboat in the Sabine River in the vicinity of the Respondent's docked ships. Oscar J. Chelette, Sr. owned the motor attached to said boat but at the time of the collision, said boat was rented. The United States and the United States Navy at all times was legally and lawfully parking and docking its ships in the Sabine River.

### 2.

The Naval Reserve Fleet pier installations, one to twelve inclusive, for mooring of U. S. Navy Reserve Fleet ships, were built in conformity with the permit issued by the Corps of Engineers of the United States Army in September, 1945. These ships are moored alongside the pier in a manner that is referred to as a "nest." A nest is made up by having the first ship moored along the north side parallel to the pier and outboard and parallel to it comes the second ship and so on until a group of five are breasting out from the pier. In each nest, camels (wooden timbers measuring 3' by 3' floating about 6" above water with 2½' below water) are used to prevent the side of the inboard ship from riding up against the pier. The outboard ships also have these floating camels between them so as to prevent their riding against one another.

### 3.

There is open water between the sterns of the ships in the first nest and the bows of the ships in the second nest and between the sterns of the second nest and bows of the third nest. To prevent the logs and debris that float downriver from being carried by the current into this open space between the nest of ships and becoming lodged against the north side of Pier No. 1, log booms had been erected across these openings in an attempt to keep logs, driftwood, and trash out from between the parked boats. However, such booms did not keep out all of the above items. Periodically the Respondent, by and through its agents, servants, and employees, acting within the scope and course of their employment and in the line of duty, cleared the driftwood, the logs and the trash from between and among the ships parked in the Sabine River.

### 4.

The Court further finds that the river upstream from the parked ships was clear of driftwood, logs and trash on the date and at the time of the accident resulting in injuries to the minor libelant. Further, that on the day and at the time in question, the Sabine River was not at the high water stage and the only logs in the river in the area of the collision were the ones struck by Libelant's outboard motorboat adjacent to the Respondent's area of operations and having been shoved out into the main stream of boat traffic in the Sabine River by the Respondent, its agents, servants, and employees acting within the scope and course of their employment and in the line of duty, thereby causing the minor libelant, Oscar J. Chelette, Jr., to be knocked out of the boat and struck about the head with the outboard motor propeller.

### 5.

That the log struck by Libelant thereby causing the minor, Oscar J. Chelette, Jr., to be knocked out of the boat and struck about the head by the outboard motor propeller was one of two logs located at the time of the accident in the channel of Sabine River just out from Pier One and forming an approximate angle of 120 degrees approximately perpendicular to the flow of the Sabine River and that the location of the logs in the channel of the Sabine River and the configuration of the two logs could only have resulted from and been caused by such logs being pushed end to end out into the

main stream of boat traffic of the Sabine River.

**6.**

The Court further finds that the Respondent, its agents, servants, and employees acting in the course and scope of their employment and in the line of duty, shoved said logs out into the main stream of boat traffic in the Sabine River without warning and without regard to the safety of the crafts traveling in said River and further that the Respondent, its agents, servants, and employees in the course and scope of their employment and in the line of duty were negligent in the following respects:

a. In shoving said logs into the path of the Libelants' boat;

b. In failing to warn the Libelants of the presence of said dangerous logs;

c. In placing into the path of Libelants' boat a log so large that its very size would be calculated to jar, severely shake, and overturn Libelants' small craft;

d. In pushing said logs so hard that they entered the path of the usual Sabine River boat traffic.

**7.**

That each of the above acts of the Respondent, its agents, servants, and employees, while in the course and scope of their employment for Respondent, and in the line of their duty, was negligent and each was a proximate cause of the injuries and damages sustained by the Libelants.

**8.**

That the Libelant, Oscar J. Chelette, Jr., at the time of the collision in question was four (4) years of age and in reasonably good health and leading a normal, active life.

**9.**

That the father, Libelant Oscar J. Chelette, operated and navigated said outboard motorboat while seated in the stern of the boat and while the small boy was on a seat forward and beyond the safe physical control of his father.

**10.**

The Court finds that the father, Libelant Oscar J. Chelette, was negligent in failing to keep his minor son safely seated in the bottom of the outboard motorboat and in failing to keep a proper lookout for logs and debris in the river channel, and that such negligence was the proximate cause of the injuries sustained by his minor son, Oscar J. Chelette, Jr.

## CONCLUSIONS OF LAW

**1.**

This action is within the Admiralty jurisdiction of the United States and within the jurisdiction of this Court. Jurisdiction against the United States is conferred by the Suits in Admiralty Act, 46 U.S.C. § 742, as amended September 13, 1960, Pub.L. 86–770, Sec. 3, 74 Stat. 912.

**2.**

█ That the Respondent, United States of America, by and through its agents, servants, and employees, was negligent as found in the Court's Finding of Fact No. 6, and such negligence was a proximate cause of the injuries and damages sustained by the minor libelant, Oscar J. Chelette, Jr.

**3.**

█ That the Libelant, Oscar J. Chelette, was negligent as found in the Court's Finding of Fact No. 10, and that such negligence was a proximate cause of the injuries and damages sustained by the minor libelant, Oscar J. Chelette, Jr.

**4.**

█ That the negligence of the Libelant, Oscar J. Chelette, is not imputed to the minor libelant, Oscar J. Chelette, Jr., and does not therefore preclude recovery in his behalf against the Respondent.

**5.**

█ That the minor libelant, Oscar J. Chelette, Jr., should recover damages at the present cash value, the sum of Twelve

Thousand Five Hundred and no/100 ($12,500.00) Dollars, and same shall bear interest at the rate of six (6%) per cent per annum from October 25, 1963.

Let counsel for Libelants submit appropriate form of final judgment within fifteen (15) days from this date.